UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **KIRBY BLACKWELL,** | } | |
| | } | |
| **Plaintiff,** | } | |
| | } | |
| v. | } | **CASE NO. CV 2:09-249-SLB** |
| | } | |
| **GREAT AMERICAN FINANCIAL** | } | |
| **RESOURCES, INC.; GREAT** | } | |
| **AMERICAN LIFE INSURANCE** | } | |
| **COMPANY; LOYAL AMERICAN LIFE** | } | |
| **INSURANCE COMPANY,** | } | |
| | } | |
| **Defendants.** | } | |

**MEMORANDUM OPINION**

This case is before the court on plaintiff's Motion to Remand. (Doc. 3.)[1] The case originally included several nondiverse defendants whose presence spoiled complete diversity. On January 13, 2009, the last of those defendants was dismissed from the state court litigation. (Doc. 1, p. 3.) On February 6, 2009, defendants removed the case to this court in accordance with the time limits established by 28 U.S.C. § 1446(b).[2]

---

[1]  "Doc. __" refers to the document number that the Clerk of the Court assigns to a filing when it is made.

[2]  In relevant part, 28 U.S.C. § 1446(b) provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the

1

Plaintiff's First Amended Complaint charges defendants defrauded plaintiff by misrepresenting a total of $400,000 in investment annuities that defendants induced plaintiff to buy. The pleadings, however, reveal that defendants returned the $400,000 principal to plaintiff under the terms of the annuities contracts before plaintiff filed this suit. Thus, the core compensatory damages sought by the plaintiff are $23,172.28 in "surrender charges" withheld by defendants because of plaintiff's termination of the annuities contracts. (Doc. 3, ¶ 1; *see also* doc. 1-4.) In addition to the surrender charges, the First Amended Complaint seeks punitive damages (doc. 1-2, ¶¶ 32, 35, 45, 49, 52) and statutory attorney's fees. (Doc. 1-2, ¶ 63.)

The sole question now before the court is whether the First Amended Complaint establishes an amount in controversy that exceeds $75,000, the jurisdictional threshold set by 28 U.S.C. § 1332(a). In "a case that involves a complaint for unspecified damages, the defendant must establish jurisdiction by a preponderance of evidence." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1211 (11th Cir. 2007). When a complaint does not seek a specified sum of damages, removal is proper when it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement.

---

basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

The dismissal of the last diversity-spoiling defendant in this case opened a 30-day window to removal, and defendants have availed themselves of it by filing the Notice of Removal. (Doc. 1.) Because plaintiff filed his original state-court Complaint (doc. 1-3) on June, 19, 2008, § 1446's one year outer limit has not been exceeded.

2

*Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001).  And, in "determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered. . . unless it is apparent to a legal certainty that such cannot be recovered."  *Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) (citations omitted).  *See also* 1A FEDERAL PROCEDURE, LAWYERS' EDITION § 1:508 (2008) ("The principle that the amount of damages claimed in good faith determines the amount in controversy unless it appears to a legal certainty that the amount claimed is not recoverable or colorable[] clearly applies where exemplary or punitive damages are sought.")

While the parties dispute whether the refunded $400,000 principal should be used for amount-in-controversy purposes,[3] the existence of diversity jurisdiction here can be resolved by examining the question of whether plaintiff's claims for punitive damages and attorney's fees– the unspecified damages components of the First Amended Complaint–place at least $51,827.73 in controversy.[4]

The First Amended Complaint claims punitive damages in amounts that "may be awarded."  (Doc. 1-2, ¶¶ 32, 35, 45, 49, 52.)  Such claims, in light of the factual allegations that form the basis for the suit, place more than $51,827.72 in controversy

---

[3]  Because these funds were refunded to the plaintiff before the litigation began, the court in no way relies on the $400,000 principal for its holding in regard to the jurisdictional sufficiency of the amount in controversy.

[4]  $51,827.73 represents the difference between the surrender charges and the jurisdictional minimum requirement.

3

because it is the constitutionally-permissible limits of punitive damages in a particular case that are used to compute the jurisdictional amount-in-controversy requirement.  *See Gavin v. AT & T Corp.*, 464 F.3d 634, 640-41 (7th Cir. 2006) (analyzing removal jurisdiction as a function of the constitutionally-permissible maximum punitive-damages award where the compensatory damages claimed were themselves insufficient to create jurisdiction);  *Register v. Rus of Auburn*, 193 F. Supp. 2d 1273 (M.D. Ala. 2002) (same); *Arnold v. Guideone Specialty Mut. Ins. Co.*, 142 F. Supp. 2d 1319 (N.D. Ala. 2001) (same).

  Here, the First Amended Complaint charges a conspiracy that continued for more than two years[5] and, in the process, syphoned away much of an elderly man's life savings under false pretenses.  (Doc. 1-2.)  The compensatory damages claimed in the First Amended Complaint for the surrender charges total $23,172.28.  That amount alone constitutes approximately one third of the jurisdictional minimum.  When the punitive damages claims for what "may be awarded" are considered in relation to both the compensatory damages claims and the conduct alleged, a punitive award of slightly more than double the compensatory damages claim would occasion an amount in controversy that exceeds the jurisdictional minimum.  Such an amount for punitive damages is uncontroversially within the limits of the Due Process Clause.  *See generally State Farm Mut. Auto. Ins. Co. v. Campbell*  538 U.S. 408 (2003); *BMW of North America, Inc. v.*

---

  [5]   The First Amended Complaint describes the sale of three different annuities that occurred between July 1, 2002 and October 21, 2004.  (Doc. 1-2, ¶¶ 16-18.)

*Gore* 517 U.S. 559 (1996).

Because plaintiff's punitive damages claims are sufficient to establish jurisdiction, the court need not take up plaintiff's claim for attorney's fees at length in reference to determining jurisdiction. That said, the First Amended Complaint does make a claim for statutory attorney's fees under the Alabama Securities Act[6] (doc. 1-2, ¶ 63) and it is a claim that is properly credited toward the amount in controversy. *Missouri State Life Ins. Co. v. Jones*, 290 U.S. 199, 202 (1933) (where state statute created right to attorney's fees, such fees are credited to the amount in controversy for jurisdictional purposes). *See also* 14B CHARLES ALAN WRIGHT *ET AL.*, FEDERAL PRACTICE AND PROCEDURE § 3712 (2009) ("The law is now quite settled. . . that the amount expended for attorney's fees are a part of the matter in controversy for subject matter jurisdiction purposes when they are provided for. . . by state statute."). While the attorney's fees claim only pertains to one of plaintiff's counts (doc. 1-2, ¶63), the reasonable attorney's associated with that count are in controversy, and thus carry the total amount in controversy even farther over the jurisdictional minimum.

Based on the forgoing, the court is satisfied that the preponderance of the evidence shows that the amount in controversy in this case exceeds the jurisdictional threshold of $75,000. Plaintiff's Motion to Remand (doc. 3) is due to be denied, and an order doing so shall be entered contemporaneously with this memorandum opinion.

---

[6] The Act is codified at Ala. Code § 8-6-1, *et seq*. Recovery of reasonable attorney's under the Act is authorized in subsection 19(b). Ala. Code § 8-6-19(b).

**DONE**, this 3rd day of June, 2009.

*Sharon Lovelace Blackburn*
_____
SHARON  LOVELACE  BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE